**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 20-142-DLB-EBA**

**N.P.,** *a minor child thru his Next Friend***, et al.**                          **PLAINTIFFS**

**v.**                          **MEMORANDUM OPINION & ORDER**

**KENTON COUNTY PUBLIC SCHOOLS, et al.**                          **DEFENDANTS**

* * * * * * * * * * * * * *

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim.  (Doc. # 8).  The Motion has been fully briefed, (Docs. # 9 and 11), and is now ripe for the Court's review.  For the reasons set forth herein, the Motion is **granted in part** and **denied in part**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs N.P., a minor child proceeding thru his Next Friend Jason and Stephanie Ponder, and Stephanie Ponder[1] bring a number of claims against Defendants Kenton County Public Schools ("KCPS"), Henry Webb, John Popham, Craig Reinhart, Trent Steiner, Shannon Gross, Martha Setters, Jason Fraiser, Tyler Kiefer, Dustin Jones, Bridget Duncan, unknown teacher 1, unknown teacher 2, and Steve Funke, in both their individual and official capacities, as well as Special Education Director Marta Kirk, Carl Wicklund, Karem Collins, Carla Egan, Jesica Jehn, Shannon Herold, in their official capacities, and Kenton County Board of Education for damages arising out of the bullying

---

[1]      Stephanie Ponder represents N.P. as his Next Friend, but is also a Plaintiff in this suit in her individual capacity. (Doc. # 1 at 1, 4).

1

of N.P., a student with a disability.  (Doc. # 1 at 3-4).  Plaintiffs assert a number of claims against Defendants: (I) violation of the Due Process Clause of the 14th Amendment, (II) disability discrimination in violation of 29 U.S.C. § 794, (III) disability discrimination in violation of 42 U.S.C. § 12132 *et seq.* and K.R.S. 344 *et seq.*, (IV) retaliation, (V) bullying and harassment, (VI) sexual harassment in violation of Title IX, and (VII) negligence.  (*Id.* at ¶¶ 39-70).  Defendants move to dismiss each of these claims.  (Doc. # 8).

Each of the individual Defendants are employed in some capacity by Kenton County Public Schools.  (Doc. # 1 ¶¶ 5-25).  N.P. is a sixteen-year-old male with a disability who attends Simon Kenton High School ("Simon Kenton"), and previously played for the high school's football team.  (*Id.* ¶¶ 1, 28).  His parent, next friend, and co-Plaintiff, Stephanie Ponder, was previously employed by the Kenton County School District as an instructional assistant.  (*Id.* ¶ 2).  According to the Complaint, a number of the Defendants bullied, harassed, and discriminated against N.P. due to his disability, and others were deliberately indifferent to the unfair treatment of N.P.  (*Id.* ¶ 6-38).  Specifically, N.P. alleges conduct related to each Defendant as follows:

- Defendants Henry Webb, the Superintendent of Kenton County School District; John Popham, the principal of Simon Kenton; Craig Reinhart, an assistant principal at Simon Kenton; Trent Steiner, an assistant principal at Simon Kenton, Shannon Gross, the principal of Twenhofel Middle School; Martha Setters, the Assistant Superintendent of Kenton County School District; and Marta Kirk, the Special Education Director for Kenton County School District, all allegedly failed to investigate allegations of discrimination, retaliation, bullying, and harassment of N.P., and instead acted with deliberate indifference towards the allegations.  (*Id.* ¶ 6-12).  Defendants Popham, Reinhart, and Steiner, were further allegedly involved in a situation where another student threatened N.P. with a gun.  (*Id.* ¶ 65).  As administrators, Popham, Reinhart, and Steiner allegedly failed to provide N.P. with assistance or report the incident to N.P.'s parents.  (*Id.* ¶ 67-70).

- Defendants Jason Fraiser and Tyler Kiefer, who are both teachers and a football coaches at Simon Kenton, and Steve Funke, a teacher and football coach at Twenhofel Middle School, allegedly engaged in the discrimination, retaliation,

bullying, and harassment of N.P. and encouraged other students to do the same. (*Id.* ¶ 13-14, 19). The harassment allegedly perpetrated by these Defendants included threats of physical harm, physical assault, refusing to let N.P. play or participate on the football team. (*Id.* ¶ 30). Fraiser, Kiefer, and Funke further allegedly encouraged other students to "segregate and isolate N.P," and threatened to reduce other students' playing time if they associated with N.P. (*Id.* ¶ 35, 55-56).

- Defendant Dustin Jones, a teacher at Simon Kenton, allegedly engaged in the discrimination, retaliation, and bullying of N.P, including throwing N.P.'s school papers on the ground, and refusing to provide N.P. with makeup work for N.P's absences. (*Id.* ¶ 15-33).

- Defendants Bridget Dugan, Unknown Teacher 1, and Unknown Teacher 2, all special education teachers at Simon Kenton, allegedly made sexually inappropriate comments to N.P. in front of others and engaged in the discrimination, retaliation, bullying and harassment of N.P., solely because of his disabilities. (*Id.* ¶ 16-18). These alleged actions included calling into question N.P.'s sexual orientation. (*Id.* ¶ 31). Defendants Dugan and Unknown Teacher 2 also allegedly made fun of N.P.'s disability and disclosed confidential information about N.P.'s disability to other students and staff members. (*Id.* ¶ 32). Defendants Dugan, Unknown Teacher 1, and Unknown Teacher 2 also allegedly threatened other students and members of the football team if they associated with N.P. (*Id.* ¶ 55). Plaintiff further alleges that Defendant Dugan started rumors about N.P. regarding his sexuality. (*Id.* ¶ 61).

- Defendants Carl Wicklund, Karen Collins, Carla Egan, Jessica Jehn, and Shannon Herold, are sued in their official capacities as school board members of the Kenton County Board of Education. (*Id.* ¶ 20-24).

The Complaint further alleges that Plaintiff Stephanie Ponder was terminated from her employment with Kenton County School District because of her advocacy for N.P. (*Id.* ¶ 34).

## II.   ANALYSIS

### A.   Standard of Review

Granting a motion to dismiss is appropriate if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Further, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In order to have "facial plausibility," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  (*Id.*) (quoting *Twombly*, 550 U.S. at 556).  In evaluating a motion to dismiss, a court should "construe the complaint in the light most favorable to the plaintiff," *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570), and determine whether the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.  However, "mere conclusory statements[] do not suffice" and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 678-79.  Ultimately, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting *all material elements* to sustain a recovery under some viable legal theory."  *Eidson v. State of Tenn. Dep't of Children's Servs., et al.*, 510 F.3d 631, 634 (6th Cir. 2007) (emphasis added).

### B.    Claim under 42 U.S.C. § 1983

Plaintiffs allege that the Defendants violated the Due Process Clause of the Fourteenth Amendment, and accordingly bring suit under 42 U.S.C. § 1983.  (Doc. # 1 ¶ 39-43).  Namely, Plaintiffs contend that Defendants "deprived Plaintiff N.P. of his right to be educated in an environment free of discrimination, retaliation, harassment, and bullying . . . [and] equal protection under the law." (*Id.* ¶ 41-42).  The Due Process Clause of the Fourteenth Amendment prohibits a State from "depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  Section 1983 provides

4

plaintiffs an avenue to vindicate a violation of rights conferred by the Due Process Clause of the Fourteenth Amendment. *See Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). However, this count fails to state a claim for two separate reasons: (1) Plaintiffs' "claim" under § 1983 simply restates the text of § 1983, without any factual allegations whatsoever, and (2) Plaintiffs fail in the "Factual Allegations" portion of their Complaint to adequately allege facts supporting the legal requirements of a § 1983 claim.

First, Plaintiffs' § 1983 claim is completely devoid of any factual allegations. (*See* Doc. # 1 ¶ 39-43). Unassailable precedent requires that in order to state a claim, a plaintiff must provide "sufficient factual matter" that if accepted as true, "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiffs have failed to provide necessary facts to support their claim and instead provide only "mere conclusory statements" and unsupported legal conclusions. (*Id.* at 678-79). Similarly, nowhere on the face of the Complaint, or in Plaintiff's subsequent briefings, have they established whether they are pursuing a substantive due process claim, a procedural due process claim, or both. Regardless, each of these claims fail to state a claim upon which relief can be granted.

Procedural due process claims require a plaintiff to show that he has been deprived of a protected property interest. *McCormick & Assocs., Inc. v. City of Detroit*, 61 F. App'x 953, 955 (6th Cir. 2003). Otherwise, a substantive due process claim references either "deprivations of a particular constitutional guarantee" or "actions that 'shock the conscience.'" *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1474 (6th Cir. 1993). The Complaint is devoid of any description regarding how Defendants failed to provide Plaintiffs with "adequate procedural rights prior to depriving

them of their protected interest." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002).  Because of this, Plaintiffs have failed to state a procedural due process claim. Similarly, while the substantive due process protects students from "the arbitrary actions of government employees . . . only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 678 (6th Cir. 2016).  Plaintiff therefore must "identify conduct that is 'so brutal, demeaning, and harmful as literally to shock the conscience.'" *Domingo v. Kowalski*, 810 F.3d 403, 410-11 (6th Cir. 2016) (quoting *Webb v. McCullough*, 828 F.2d 1151, 1158 (6th Cir. 1987)).  In the context of a psychological abuse, namely harassment and bullying, the Sixth Circuit has not determined whether this conduct "shocks the conscience."  In what seems to be the only case where a teacher allegedly engaged in harassment and bullying of a student, the Sixth Circuit held that "we have never said that purely psychological bullying can suffice to shock the conscience." *Gohl*, 836 F.3d at 680.  Because of this, the court ultimately determined that even if psychological abuse presented a cognizable substantive due process violation, qualified immunity would apply because the right "assert[ed] is not clearly established." *Id.* at 681.

Finally, in order to establish an equal protection violation, Plaintiffs would have to show that N.P. was treated differently than his peers who were not disabled. *See Soper v. Hoben*, 195 F.3d 845, 852 (6th Cir. 1999).  There are no such allegations of this nature in the Complaint.

For the reasons discussed above, Plaintiffs' § 1983 claim is **dismissed**.

**C.    Disability Discrimination under 29 U.S.C. § 794, 42 U.S.C. § 12132 *et seq.*, and Ky. Rev. Stat. § 344 *et seq.***

While Plaintiffs set out two separate causes of action under 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act of 1973) and 42 U.S.C. § 12132 *et seq.* (Title II of the Americans with Disabilities Act of 1990), these claims may be analyzed together because "Title II adopts the substantive standards of § 504." *Doe v. Ohio*, No. 2:91-cv-464, 2004 WL 7347115, at *10 (S.D. Ohio July 9, 2004) (citing *Thompson v. Williamson Cnty., Tenn.*, 219 F.3d 555, 557 n.3 (6th Cir. 2000) ("Because the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act, claims brought under both statutes may be analyzed together.").    Similarly, KRS § 344.010 *et seq.*, the Kentucky Civil Rights Act ("KCRA"), mirrors the ADA and "consequently, claims brought under the KCRA are interpreted consistently with the standards developed under the ADA." *Bryson v. Regis Corp.*, 498 F.3d 561, 574 (6th Cir. 2007).  Section 504 provides in relevant part "[n]o otherwise qualified individual with a disability in the United States, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a) (internal citations omitted).

To make out a disability discrimination claim under any of these statutes, a plaintiff "must show that he or she is (1) disabled under the statute, (2) 'otherwise qualified' for participation in the program, and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under the program by reason of his or her disability."  *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008).  While unclear from the face of the Complaint, the Court will assume that Plaintiffs are alleging that N.P. was

excluded from participation in Simon Kenton's football program and the benefit of public education.  (Doc. # 1 ¶ 30, 46).

While Plaintiffs have plausibly alleged that N.P. is disabled, they have not alleged N.P. was "otherwise qualified" to continue participation in Simon Kenton's football program.  To satisfy the requirement of showing N.P. was otherwise qualified to continue participation on the football team, the Court would expect more specific allegations in the Complaint addressing his removal from the football team.  High school sports teams often have try-outs based on ability, and while the Court is unaware whether Simon Kenton conducts its football program in this manner, Plaintiffs provide no indication otherwise.  The allegations provided in reference to Simon Kenton's football program are that Defendants Fraiser, Kiefer, and Funke "kick[ed] N.P. off the football team," which N.P. "was otherwise qualified to participate[] in."  (*Id.*).  Those allegations do not sufficiently state any factual matter addressing how N.P. was otherwise qualified to continue in the program.  (*Id.*).  Therefore, Plaintiffs' Complaint, so far as it alleges disability discrimination in N.P.'s removal from the Simon Kenton football team, is **dismissed**.

As to N.P.'s right to a public education, Plaintiffs have provided factual allegations supporting a finding that Defendants deprived N.P. of public education because of his disability.  While Plaintiffs again recite the elements of a legal claim, Plaintiffs also provide sufficient detail, at this stage in the proceedings, to allow the Court to draw the reasonable inference that N.P. was subject to deprivation of public education due to his disability.  The discrimination element of a disability discrimination claim requires the plaintiff to show "that the defendant took action *because* of the plaintiff's disability," *Anderson v. City of Blue Ash,* 798 F.3d 338, 357 (6th Cir. 2015) (emphasis added), or in other words,

"establish[] that he or she was *intentionally* . . . subjected to discrimination . . . because of his or her disability," *Tucker v. Tenn.*, 539 F.3d 526, 533 (6th Cir. 2008) (emphasis in original, internal quotation marks and brackets omitted).

In Plaintiffs' Complaint, they allege that (1) N.P. is disabled, (Doc. # 1 ¶ 3), (2) that N.P. was "otherwise qualified" because he was "lawfully and rightfully enrolled in the Kenton [C]ounty School District during the 2017-2018, 2018-2019, 2019-2020 and 2020-2021 school years," (*Id.* ¶¶ 27, 49), and (3) that Defendants discriminated against N.P. *because of* his disability. (*Id.* ¶¶ 30-35, 49). As to element three, Plaintiffs have alleged that N.P. was subject to harassment, discrimination, threats of physical harm, physical assault, inappropriate sexual comments, bullying, and disclosure of confidential information, because of his disability by Defendants Fraiser, Kiefer, Funke, Dugan, Unknown Teacher 1, Unknown Teacher 2, and Jones. (*Id.* ¶¶ 30-33). As to these Defendants, at the very least, Plaintiffs have stated a claim that N.P. was discriminated against because of his disability. Therefore, at this stage in the proceedings, Plaintiff has plausibly stated a claim against Defendants Fraiser, Kiefer, Funke, Dugan, Unknown Teacher 1, Unknown Teacher 2, and Jones. Therefore, Plaintiff's disability discrimination claims may proceed as to these Defendants.

However, as to the other school administrators, Plaintiffs have failed to allege anywhere in their Complaint that these Defendants discriminated against N.P. because of his disability. Therefore, Plaintiffs' disability discrimination claims against Defendants Webb, Popham, Reinhart, Steiner, Gross, Setters, and Kirk, are **dismissed**.

### D.      Retaliation under 34 C.F.R. § 100.7

Plaintiffs next allege that Plaintiff Ponder was subjected to retaliation at the hands of Defendants Webb, Popham, Kirk, and Setters "solely because of her familial relationship with Plaintiff N.P., a disabled person." (Doc. # 1 ¶ 52). This claim is premised on Title VI's anti-retaliation provision, which states: "[n]o recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Section 601 of the [Civil Rights] Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part." 34 C.F.R. § 100.7(e). This so-called anti-retaliation provision "grants standing to non-disabled persons who are retaliated against for attempting to protect the rights of the disabled." *Wilbanks v. Ypsilanti Comm. Schs.*, 742 F. App'x 84, 87 (6th Cir. 2018). To make out a claim for retaliation, Plaintiff Ponder would have to meet the prima facie burden established under *McDonnell Douglas*. *Id.* To do so, a plaintiff must show that: "(1) she engaged in protected activity under Section 504 or the ADA; (2) [d]efendants knew of this protected activity; (3) [d]efendants then took a materially adverse employment action against him; and (4) there was a causal connection between his protected activity and the adverse action." *Id.*

Before reaching the question of whether Plaintiffs have adequately alleged a prima facie case of retaliation, the Court again finds issue with the sufficiency of the factual matter contained in the Complaint. As to Defendants' alleged retaliation against Plaintiff Ponder, the Complaint states: "Ponder was subjected to retaliation by Defendants Webb, Popham, Kirk and Setters solely because of her familial relationship with Plaintiff N.P., a disabled person." (Doc. # 1 ¶ 52). The only other background information given is that

Ponder's "contract was nonrenewed . . . despite having satisfactory performance reviews." (*Id.* ¶ 2). Plaintiffs cannot simply state the elements of a legal claim without providing any factual detail. At the very least, Plaintiffs are "required to provide *some* factual detail concerning when and/or how [she] complained of discrimination . . . and to whom, in order to state a claim." *Saqr v. Univ. of Cincinnati*, No. 1:18-cv-542, 2019 WL 699347, at *14 (S.D. Ohio Feb. 20, 2019) (emphasis in original). Even if Plaintiffs stated a sufficient claim, there are no allegations regarding what protected activity Plaintiff Ponder participated in or if Defendants knew of this protected activity when they decided not to renew her employment contract. Therefore, Plaintiffs' retaliation claim is likewise **dismissed**.

### E.   Sexual Harassment Claim under Title IX

Next, Plaintiffs' allege that Defendants Dugan, Unknown Teacher 1, and Unknown Teacher 2 sexually harassed N.P., and that Defendants Webb, Popham, Steiner, Reinhart, Setters, and Kirk acted with deliberate indifference towards reports of N.P.'s sexual harassment, thereby failing to adequately address the harassment. (Doc. # 1 ¶¶ 60-62). Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX prevents discrimination on the basis of sex, "which encompasses a teacher's sexual harassment of a student." *Williams ex rel. Hart v. Paint Valley Local Sch. Dist.*, 400 F.3d 360, 366 (6th Cir. 2005). However, Title IX "authorizes suit *only* against the school itself and not individual administrators." *Stiles ex rel. D.S. v. Grainder Cnty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016). Therefore, Plaintiffs'

Title IX claim **is dismissed** as to Defendants Dugan, Unknown Teacher 1, Unknown Teacher 2, Webb, Popham, Steiner, Reinhart, Setters, and Kirk.

The school or school district may be held liable for deliberate indifference if the following elements are met: "(1) sexual harassment so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school, (2) the funding recipient had actual knowledge of the sexual harassment, and (3) the funding recipient was deliberately indifferent to the harassment." *Stiles ex rel. D.S. v. Grainger Cnty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016).[2]  Defendants argue in their Motion to Dismiss, that Plaintiffs "must show that the District had actual notice of the sexual harassment," and Plaintiffs have failed to allege this element.  (Doc. # 8-1 at 13-14).  However, "actual knowledge requires only that a single school administrator with authority to take corrective action had actual knowledge of the sexual harassment." *Stiles ex rel. D.S.*, 819 F.3d at 848.  Plaintiffs adequately alleges that multiple Defendants, including the Superintendent of the Kenton County School District, and the Principal of Simon Kenton High School, were given information by Jason and Stephanie Ponder that N.P. was being sexually harassed, and failed to investigate or respond to the allegations in an appropriate manner.  (Doc. # 1 ¶ 6-9, 11-12, 62-63).  In view of these specific allegations, Plaintiffs' sexual harassment claim under Title IX may proceed against Kenton County Public Schools and the Kenton County Board of Education.

---

[2]     While *Stiles* specifically discusses student-on-student harassment, the same standard also applies to teacher-on-student harassment.  *See Williams ex rel. Hart*, 400 F.3d at 367 (noting that there is "only one standard for 'deliberate indifference' in Title IX pupil harassment cases").

### F.    Remaining State Law Claims

Plaintiffs assert two Kentucky state law causes of action—one for bullying and harassment in violation of Ky. Rev. Stat. §§ 158.148, 158.156, and a second for negligence.  (Doc. # 1 ¶¶ 54-58, 64-70).

#### 1.    *Bullying and Harassment in Violation of KRS §§ 158.148, 158.156*

Plaintiffs assert a bullying and harassment claim against Defendants Fraiser, Kiefer, Funke, Jones, Dugan, Unknown Teacher 1, and Unknown Teacher 2.  (Doc. # 1 ¶¶ 54-58).  Defendants argue that Plaintiffs have failed to adequately allege the legal elements required to find a violation of either KRS §§ 158.148 or 158.156.  (Doc. # 8-1 at 12).

KRS § 158.148 requires local boards of education to establish a code prohibiting bullying, and provide for procedures to rectify violations of the code.  It further requires that "the principal of each school shall apply the code of behavior and discipline uniformly and fairly to each student at the school without partiality or discrimination."  Ky. Rev. Stat. § 158.148(5)(f).  Nowhere in Plaintiffs' Complaint have they alleged that Simon Kenton did not establish such a code, or that Defendant Popham failed to apply the code fairly. Because Plaintiffs failed to allege "*all material elements* to sustain a recovery under some viable legal theory," their claim premised on KRS § 158.148 is **dismissed**.  *Eidson*, 510 F.3d at 634 (emphasis added).

KRS § 158.156 is a reporting statute which requires an employee of a school, or local board of education, who has "reasonable cause to believe that a school student has been the victim of a violation of any felony offense specified in KRS Chapter 508 committed by another student while on school premises," notify the parents of such

incident, as well as the local school board and local law enforcement.  Plaintiffs' Complaint again fails to allege the material elements of this claim.  It does not indicate anything more than the fact that Defendants "failed to report such bullying and harassment."  (Doc. # 1 ¶ 56-57).  There is no allegation, as required by the statute, that another student committed a felony offense at the expense of N.P.  Because Plaintiffs failed to allege the elements necessary to sustain a "viable legal theory," their claim under KRS § 158.156 is likewise **dismissed**.  *Eidson*, 510 F.3d at 634.

### 2.   *Negligence*

Plaintiffs further assert a negligence claim against Defendants Popham, Reinhart, and Steiner.   (Doc. # 1 ¶¶ 64-70).   Defendants argue that Plaintiffs have failed to adequately plead the duty element of a negligence claim.  (Doc. # 8-1 at 14).  In order to state a negligence claim, a plaintiff must allege: (1) existence of a duty, (2) causation, (3) breach, and (4) damages.  *Hayes v. D.C.I. Props.-D KY, LLC*, 563 S.W.3d 619, 622 (Ky. 2018).  At the motion to dismiss stage, this requires a plaintiff to allege that Defendants "owed [him] a duty of care, that they breached that duty, and that a causal connection exists between the breach of the duty and the injury [he] suffered."   *Carruthers v. Edwards*, 395 S.W.3d 488, 494 (Ky. Ct. App. 2012).

Plaintiffs allege in their Complaint that "despite having a duty to do so," Defendants Popham, Reinhart, and Steiner failed to assist N.P. when he was threatened with a gun by another student and failed to report this incident to N.P.'s parents.  (Doc. # 1 ¶¶ 67-68). Under Kentucky law, "principals do have a duty to provide a safe school environment, but they are not insurers of children's safety" and "must only be reasonably diligent in this task."  *Marson v. Thomason*, 438 S.W.3d 292, 299 (Ky. 2014).  At this stage in the

proceedings, Plaintiffs' have alleged that Defendants Popham, Reinhart, and Steiner failed to report an incident where N.P. was threatened with a firearm—it seems apparent to the Court that a "reasonably diligent" principal or assistant principal would have reported this incident to N.P.'s guardian. *Marson*, 438 S.W.3d at 299. While the Court will not decide here whether Popham, Reinhart, and Steiner breached a duty owed to N.P., Plaintiffs have provided factual details that would entitle them to relief under a negligence theory if accepted as true. *Iqbal*, 556 U.S. at 678. For these reasons, Defendants' Motion to Dismiss as to Plaintiffs' negligence claim is **denied**.

### G.     Qualified Immunity

#### 1.     *State Law Claims*

Defendants incorrectly argue that they are entitled to qualified immunity on each of Plaintiffs' state law claims. (Doc. # 8-1 at 17).[3] Under Kentucky law, qualified immunity "applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions . . . (2) in good faith; and (3) within the scope of the employee's authority." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). While Kentucky courts "are unwilling to say dismissal pursuant to CR 12 based on qualified immunity would never be appropriate," when discovery has not yet been conducted, it has acknowledged the difficulty a court may have deciding whether qualified immunity applies because this "is a fact-intensive inquiry that cannot be readily resolved on the pleadings." *McCoy v. Beasley*, No. 2012-CA-002131-MR, 2014 WL 631667, at *3 (Ky. Ct. App. Feb. 14, 2014). In *Rowan County v. Sloas*, the Kentucky Supreme Court acknowledged that the "good faith" element "is still at times fact dependent" and therefore the trial court was right to

---

[3]     While the Court dismissed the state-law bullying and harassment claims above, *see supra* Section II.F.1, the negligence claim was allowed to proceed.

wait on discovery before making its final ruling on qualified immunity.  201 S.W.3d 469, 475 n.4 (Ky. 2006).  Here, the Court lacks sufficient information to determine whether Defendants' acts were discretionary or ministerial, or whether Defendants acted in good faith.  Therefore, it would be inappropriate at this stage in the proceedings to dismiss Plaintiffs' state law claims based on qualified immunity.

### 2.    *Federal Law Claims*

To the extent that Defendants assert qualified immunity as an affirmative defense to dismiss Plaintiffs' federal claims claims, for the majority of the claims,[4] the Court does not have the necessary evidence to make a decision at this juncture.  "[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity."  *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015).  Although "qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12."  *Doe v. Ohio State Univ.*, 219 F.Supp.3d 645, 664 (S.D. Ohio 2016) (internal quotations omitted) (quoting *Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (internal citation omitted)).  Plaintiffs have "not yet had an opportunity to initiate discovery in order to develop a factual record upon which a court may then determine whether dismissal based on qualified immunity is proper."  *Grose v. Caruso*, 284 F. App'x 279, 283 (6th Cir. 2008). Because Plaintiffs have plausibly alleged a number of claims, dismissal "on the basis of

---

[4]    In Section II.B., the Court dismissed Plaintiffs' § 1983 substantive due process claim because the Sixth Circuit has not established whether "psychological bullying can suffice to shock the conscience[,]" and therefore any violation was not clearly established precluding the Defendants from being held liable.  *Gohl*, 836 F.3d at 680.

qualified immunity is premature."[5]  *Id.*

## H.   Effect of Individuals with Disabilities Education Act ("IDEA")

Finally, Defendants request the Court dismiss Plaintiffs' § 1983 claim and disability discrimination claims as barred under a settlement agreement between Plaintiffs and the school district.  (Doc. # 8-1 at 18-21).  The attached settlement agreement[6] includes a waiver of future claims related to the "denial of FAPE under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, or Chapter 707 of the Kentucky Administrative Regulations" but "does not include any theory of recovery which is unrelated to FAPE or the quality of educational plans, placements, or services under either the IDEA or Section 504 of the Rehabilitation Act."  (Doc. # 9-1 at 3).  The IDEA provides children with disabilities a right to a "free appropriate public education" ("FAPE").  20 U.S.C. § 1412(a)(1)(A).  FAPE is defined by the IDEA as "special education and related services…"  20 U.S.C. § 1401.  If the right to a FAPE is implicated, the IDEA requires potential plaintiffs to exhaust their administrative remedies before pursuing a cause of action in federal court if plaintiffs are "seeking relief that is also available" under the IDEA.  20 U.S.C. § 1415(l).  Because the parties' settlement agreement bars claims related to the denial of FAPE under the IDEA, it logically follows

---

[5]     To be clear, the Court is not opining whether qualified immunity would or would not apply to Defendants in this suit.  Instead, the Court is merely choosing not to adjudicate this issue before some discovery has taken place.

[6]     The Court is considering the attached settlement agreement as part of the pleadings because it was attached to Defendants' Motion to Dismiss, referred to in Plaintiffs' Complaint when discussing administrative exhaustion, and attached Plaintiffs' Response opposing Defendants' Motion to Dismiss.  (Doc. # 9-1).  *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001); *Gregory v. W. Clermont Local Sch. Dist. Bd. of Ed.*, 414 F.Supp.3d 1064, 1074 (S.D. Ohio 2019) (finding that a court may "consider the settlement agreement attached to Defendant's [] motion to dismiss without transforming the motion into one for summary judgment, as the agreement was at least alluded to in [p]laintiff's complaint").

that if the IDEA process could have provided Plaintiffs' relief, this court would be barred from reviewing the claims.

Here, the appropriate inquiry is whether the claims Plaintiffs brought to this Court are related to N.P.'s access to a FAPE or are "non-educational in nature." *F.H. ex rel Hall v. Memphis City Schs.*, 764 F.3d 638, 644 (6th Cir. 2014). In evaluating whether a claim seeks relief available under the IDEA, the Supreme Court has directed courts to "look to the substance, or gravamen, of the plaintiff's complaint." *Fry v. Napoleon Comm. Schs.*, 137 S.Ct. 743, 752 (2017). Plaintiffs' Complaint is largely focused on the discrimination, harassment, and bullying that N.P. was allegedly subjected to by reason of his disability. (*See* Doc. # 1). This alleged abuse further included threats of physical harm and physical assault. (*Id.* ¶ 30). In another Sixth Circuit case, *F.H. ex rel. Hall*, the court found that alleged verbal, physical, and sexual abuse at F.H.'s expense, were unrelated to the IDEA's definition of a FAPE. 764 F.3d at 644. Among other factual allegations, Plaintiffs alleged that F.H. was subject to verbal and physical abuse and was ridiculed about his disability. *Id.* at 641. Because such injuries are "non-educational in nature" they "cannot be remedied through the [IDEA] administrative process." *Id.* at 644.

Similarly, here, Plaintiffs' claims of harassment, bullying, and physical threats seem to pose a similar theory of discrimination to plaintiffs in *F.H. ex rel. Hall* and a different theory of discrimination than typically governed by the IDEA. *See Perez v. Sturgis Pub. Schs.*, 3 F.4th 236, 239 (6th Cir. 2021) (noting that under IDEA, children with disabilities have a right to FAPE and "[t]o that end, public schools must provide educational services tailored to disabled children's individual needs."); *Harris v. Cleveland City Bd. of Ed.*, No. , 2018 WL 1124961, at *4 (E.D. Tenn. Mar. 1, 2018) ("The

main purpose of the [IDEA] is to ensure that all children with disabilities have available to them a free appropriate public education (FAPE) that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, independent living, and to ensure that the rights of children with disabilities and parents of such children are protected," which often includes creation of an Individualized Education Program.) (citing 20 U.S.C. § 1400(d)).   Because of the context surrounding Plaintiffs' claims, the Court will construe the claims as non-educational injuries, "irrespective of the fact that they occurred in an educational setting and were allegedly perpetrated by educators against a student."  *Sagan v. Sumner Cnty. Bd. of Ed.*, 726 F.Supp.2d 868, 882 (M.D. Tenn. 2010).   Therefore, the Court finds that Plaintiffs' disability discrimination claims are not barred by the prior IDEA settlement agreement.

## I.      Members of the Board of Education

So far as Plaintiffs allege any claims against the individual members of the Kenton County Board of Education, even in their official capacity, these claims are **dismissed**. Plaintiffs' Complaint is devoid of any specific factual allegations against the members of the Board of Education, and instead relies on the following allegation to state a claim: Defendants Wicklund, Collins, Egan, Jehn, and Herold are "school board member[s] of the Kenton County Board of Education responsible, pursuant to KRS 160.290, for the promotion of educational services consistent with state laws and administrative regulations."  (Doc. # 1 at ¶¶ 20-24).  No underlying factual allegation accompanies this statement.  This falls woefully short of the pleading standard which requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III.   CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. # 8) is **GRANTED IN PART** and **DENIED IN PART**.  Specifically:

(a)   Plaintiffs' claims against Defendants Wicklund, Collins, Egan, Jehn, and Herold, are **dismissed with prejudice**;

(b)   Plaintiffs' § 1983 claim, Count I, is **dismissed with prejudice**;

(c)   Plaintiffs' disability discrimination claims, Count II and III, are adjudicated as follows:

1.   Plaintiffs' disability discrimination claims against Defendants Webb, Popham, Reinhart, Steiner, Gross, Setters, and Kirk are **dismissed with prejudice**;

2.   So far as Plaintiffs' Complaint alleges N.P. was discriminated against because of his removal from the Simon Kenton football team, it is **dismissed with prejudice**; and

3.   Plaintiffs' disability discrimination claims regarding his right to a public education against Defendants Fraiser, Kiefer, Funke, Dugan, Unknown Teacher 1, Unknown Teacher 2, and Jones **may proceed** to discovery.

(d)   Plaintiffs' retaliation claim, Count IV, is **dismissed with prejudice**;

(e)   Plaintiffs' sexual harassment claim under Title IX, Count VI, is adjudicated as follows:

1.      Plaintiffs' sexual harassment claim against Defendants Dugan, Unknown Teacher 1, Unknown Teacher 2, Webb, Popham, Steiner, Reinhart, Setters, and Kirk is **dismissed with prejudice**; and

2.      Plaintiffs' sexual harassment claim against Kenton County Public Schools and Kenton County Board of Education **may proceed** to discovery.

(f)      Plaintiffs' bullying and harassment claim under KRS §§ 158.148 and 158.156, Count V, is **dismissed with prejudice**; and

(g)      Plaintiffs' negligence claim, Count VII, **may proceed** to discovery.

(2)      Remaining Defendants shall file their Answer(s) to Plaintiffs' Complaint (Doc. # 1) within **twenty (20) days**.

This 27th day of September, 2021.



**Signed By:**

**_David L. Bunning_**

**United States District Judge**

M:\DATA\ORDERS\Cov2020\20-142 MOO NP v. Kenton County.docx